IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD CARLISLE, ALISON MAYNARD, | § § § | |
| *Plaintiffs,* | § § | SA-20-CV-01164-FB |
| vs. | § § | |
| JACOB VOS, JACOB ZIMMERMAN, MARK BANKSTON, WILLIAM LUCERO, LEONARD POZNER, | § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation and Order concerns Plaintiff Alison Maynard's Motion to File Under Seal [#1].  Attached to the motion are the following additional filings: Plaintiff's Alison Maynard's Motion to Proceed *In Forma Pauperis* [#1-1], Plaintiff Richard Carlisle's Motion to Proceed *In Forma Pauperis* [#1-2], Plaintiffs' Proposed Complaint [#1-3], Plaintiff Alison Maynard's Application for Permission to File Electronically [#1-4], and Plaintiff Alison Maynard's Request to Issue TRO without Notice [#1-5].  Maynard filed her motion to seal on September 29, 2020.  The District Court referred this case to the undersigned for all pretrial proceedings, including any requests for injunctive relief, on October 1, 2020.

Having considered the filings before the Court, the Court will grant the motion to seal for the limited purpose of considering Maynard's motion to proceed IFP.  However, the undersigned will recommend denying Maynard's IFP motion because she has failed to demonstrate an inability to afford court costs.  As to Carlisle, the Court will grant the motion to proceed IFP but withhold service of the proposed Complaint.  The Court will also hold Maynard's motions for

1

permission to file electronically and for a temporary restraining order in abeyance until she pays the filing fee.

## I.  Motion to Seal

Maynard's motion to seal asks the Court to seal her motion to proceed *in forma pauperis* ("IFP") because it contains her personal financial information and other private information. This Court has discretion to seal a record, but that discretion must be mindful of "the public nature of our judicial proceedings" and "the public's right to be informed." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008).  Plaintiff's motion to seal only asks the Court to seal her IFP motion and an attached exhibit, not Plaintiffs' proposed Complaint setting forth the allegations underlying this suit.  The Court finds that sealing these limited documents will not unnecessarily restrict the public's right of access to information regarding this lawsuit.  The Court will therefore grant the motion to seal.

## II.  Motions to Proceed IFP

Maynard and Carlisle have each filed a motion seeking leave to proceed IFP in this action.  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees.  *Wickerham v. Waterman*, No. SA-14-

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).  Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents.  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

## A.    Maynard's Motion to Proceed IFP

Maynard's motion to proceed IFP contains her income and asset information, which indicates that she lives off her retirement income and that her monthly expenses exceed this monthly income.  Yet Plaintiff also submits to the Court that she has a substantial sum in her checking account, the exact amount of which is documented in her sealed motion.  Based on this representation, it does not appear that requiring Plaintiff to pay the $350 filing fee would cause her undue hardship at this time.  The undersigned will therefore recommend that Plaintiff's motion to proceed IFP be denied.  If Maynard desires to proceed with this lawsuit, she must pay the filing fee within seven days of the District Court's Order (if the Court adopts the undersigned's recommendation to deny the IFP motion).  At that time, the Court will consider her motions for electronic filing and a temporary restraining order ("TRO").  However, the Court notes that the injunctive relief Maynard has requested appears to be moot as of yesterday, the day this case was referred to undersigned, as it concerns responses to discovery due September 30, 2020, and a deposition scheduled for October 1, 2020, dates that have already passed.

## B.    Carlisle's Motion to Proceed IFP

Carlisle's motion to proceed IFP, however, sufficiently demonstrates an inability to pay court costs.  Maynard's IFP motion mentions that Carlisle has recently filed for bankruptcy.

Although Carlisle receives $2,807 per month in income related to a pension and other dividends, he represents to the Court that he only has $200 in a checking or savings account.  Carlisle also lists significant debts and financial obligations, including a $60,000 unsecured debt related to his ongoing bankruptcy proceeding.  Because it would cause Carlisle a hardship to pay the filing fee, the Court will grant his motion to proceed IFP.

### III.  Review of Carlisle's Claims for Frivolousness

Pursuant to the Court's October 8, 2019 Standing Order, before ordering service of his Complaint on Defendants, the undersigned has also reviewed Carlisle's Complaint for frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B).  Carlisle, a Missouri resident, sues Defendants Jacob Vos (a resident of Colorado), Jacob Zimmerman (a resident of Missouri), Mark Bankston (a resident of Texas), William Lucero (a resident of Colorado), and Leonard Pozner (believed to be a resident of Florida).  According to the federal venue statute, a civil action may only be brought in (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  28 U.S.C. § 1391(b).

Carlisle's proposed Complaint does not indicate that all Defendants reside in the State of Texas.  Nor does it allege that a substantial part of the events underlying Carlisle's claims occurred in the Western District of Texas.  In fact, the only acts alleged to have occurred in Texas relate solely to Maynard.

This case concerns the alleged interception, intentional use, and disclosure of Maynard's and Carlisle's private emails in violation of 18 U.S.C. § 2520.  Maynard, a formerly licensed attorney in the State of Colorado, alleges that she was personally served with a disciplinary

complaint related to an administrative matter in Colorado at her home in San Antonio, Texas, alleging that she violated the Colorado Rules of Professional Conduct by committing the unauthorized practice of law.  There are no facts alleged to have occurred in Texas related to Carlisle, only that the administrative complaint served on Maynard in Texas included quotes from confidential emails between Maynard and Carlisle and others related to their research of the Sandy Hook school shooting in Newtown, Connecticut in December 2012.

Because the proposed Complaint does not demonstrate that a substantial part of the events at issue in this suit with respect to Carlisle occurred in the Western District of Texas, the Court will withhold service of the proposed Complaint unless and until Maynard pays the filing fee or Carlisle files an amended complaint that demonstrates a sufficient nexus to this judicial district.

### IV.  Conclusion and Recommendation

The Court therefore issues the following orders:

**IT IS THEREFORE ORDERED** that Plaintiff Alison Maynard's Motion to File Under Seal [#1] is **GRANTED** as follows: The Clerk is directed to docket Maynard's Motion to Proceed IFP [#1-1] **UNDER SEAL**.  The remaining filings [#1-2, #1-3, #1-4, #1-5] should be **UNSEALED**.

**IT IS FURTHER ORDERED** that Plaintiff Richard Carlisle's Motion to Proceed *In Forma Pauperis* [#1-2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Carlisle's proposed Complaint [#1-3] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from

Plaintiff.  However, <u>service upon Defendants should be withheld pending this Court's further review under § 1915(e)</u>.

The Court also **recommends** that Plaintiff's Alison Maynard's Motion to Proceed *In Forma Pauperis* [#1-1] be **DENIED**.  If the District Court adopts the undersigned's recommendation, Maynard should be directed to either pay the filing fee within **seven days** of the District Court's Order or face dismissal of her proposed Complaint for failure to prosecute or failure to comply with the orders of this Court.  *See* Fed. R. Civ. P. 41(b).

**IT IS FINALLY ORDERED** that Plaintiff Alison Maynard's Application for Permission to File Electronically [#1-4] and Plaintiff Alison Maynard's Request to Issue TRO without Notice [#1-5] be **DOCKETED** but held in **ABEYANCE** until the District Court has resolved Maynard's IFP motion and Maynard has paid the filing fee.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the

6

party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of October, 2020.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE