IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD CARLISLE, ALISON MAYNARD, | § § § | |
| *Plaintiffs,* | § § | SA-20-CV-01164-FB |
| vs. | § § § | |
| JACOB VOS, JACOB ZIMMERMAN, MARK BANKSTON, WILLIAM LUCERO, LEONARD POZNER, | § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation and Order concerns Plaintiff Alison Maynard's Sealed Motion to Proceed *In Forma Pauperis* [#4], Plaintiff Alison Maynard's Application for Permission to File Electronically [#5], and Plaintiff Alison Maynard's Request to Issue TRO without Notice [#6]. The District Court referred this case to the undersigned for all pretrial proceedings, including any requests for injunctive relief, on October 1, 2020. The undersigned therefore has jurisdiction to enter this order and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

**I.  Maynard's IFP Motion**

Plaintiffs Alison Maynard and Richard Carlisle initiated this action by each filing a motion to proceed *in forma pauperis* ("IFP"). This case concerns the alleged interception, intentional use, and disclosure of Maynard's and Carlisle's private emails in violation of 18 U.S.C. § 2520. Maynard, a formerly licensed attorney in the State of Colorado, alleges that she was personally served with a disciplinary complaint related to an administrative matter in

1

Colorado at her home in San Antonio, Texas, alleging that she violated the Colorado Rules of Professional Conduct by committing the unauthorized practice of law.

The record reflects that on October 2, 2020, the undersigned issued a report and recommendation on Maynard's IFP motion, recommending that the motion be denied due to Maynard's failure to demonstrate an inability to afford court costs.  The Court granted Carlisle's IFP motion but withheld service of the proposed Complaint, unless and until Maynard paid the filing fee to proceed as a Plaintiff in this action, because the pleadings do not demonstrate that a substantial part of the events at issue in this suit with respect to Carlisle occurred in the Western District of Texas.

The District Court has not yet issued an order adopting or rejecting the undersigned's recommendation as to Maynard's IFP motion, but Maynard submitted the filing fee on October 8, 2020.  The undersigned did not receive notice of the payment until October 13, however.  In light of Maynard's payment of the filing fee, the Court will dismiss her IFP motion as moot.  The Court will also order that Plaintiffs submit requests for the issuance of summons for each Defendant they intend to serve and, once summonses are issued, comply with the Federal Rules governing service.

## II.  Maynard's Motion for Permission for E-Filing

Along with her IFP motion, Maynard also filed a motion for permission to file electronically, which the Court held in abeyance pending Maynard's payment of the filing fee. Having considered Maynard's motion regarding electronic access, the Court will grant Plaintiff permission to e-file documents with this Court.

### III.  Maynard's Request for a TRO

At the time Plaintiffs initiated this lawsuit, Maynard also filed a Motion for a temporary restraining order ("TRO"), which the Court also held in abeyance pending Maynard's payment of the filing fee.  Maynard's motion alleges that she will suffer immediate and irreparable injury, loss, or damage if a TRO is not issued protecting her from having to respond to issued discovery requests or having to sit for her deposition in the pending matter in Colorado.  Maynard alleges that if she refuses to respond to the discovery or to sit for her deposition, she may be summarily disbarred or endure other sanctions.  Maynard contends that Defendant William Lucero, the presiding disciplinary judge, denied her request for a protective order related to the discovery and depositions and authorized discovery into the matters discussed in the allegedly unlawfully obtained emails.

Maynard's TRO motion states that the discovery answers were due September 30, 2020, the date she filed her IFP motion and the motion for TRO, and her deposition was noticed for October 1, 2020.  Both of these dates have passed.  Maynard has not updated the Court with any information as to what has transpired since the filing of her motion.  The relief requested in Maynard's TRO is therefore moot.  The District Court should therefore dismiss the motion for a TRO as moot.

### IV.  Conclusion, Orders, and Recommendation

**IT IS THEREFORE ORDERED** that Plaintiff Alison Maynard's Sealed Motion to Proceed *In Forma Pauperis* [#4] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs submit a request for the issuance of summonses **within seven days** of this Order.

**IT IS FURTHER ORDERED** that Plaintiff Alison Maynard's Application for Permission to File Electronically [#5] is **GRANTED**.  Plaintiff is directed to contact the Office of the District Clerk to obtain the e-filing and e-noticing registration form and to submit the fully completed form to the Clerk.  Under standard procedures, the registration form will be processed by the Clerk, who has the responsibility of verifying, approving, and effectuating e-filing and e-noticing of court documents.

The Court also hereby **recommends** that the District Court **DISMISS AS MOOT** Plaintiff Alison Maynard's Request to Issue TRO without Notice [#6].

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations

contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of October, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE