IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD CARLISLE, ALISON MAYNARD, | § § § § § § § § § § § § § | SA-20-CV-01164-FB |
| *Plaintiffs,* | | |
| vs. | | |
| JACOB VOS, JACOB ZIMMERMAN, MARK BANKSTON, WILLIAM LUCERO, LEONARD POZNER, | | |
| *Defendants.* | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion for Temporary Restraining Order [#6]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#3]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be denied.

**I. Background**

This case was filed by two Plaintiffs—Richard Carlisle and Alison Maynard—seeking both statutory damages for alleged violations of the Federal Wiretap Act, 18 U.S.C. § 2520, and an order enjoining disciplinary proceedings against Maynard currently pending before the Colorado Supreme Court. Maynard is an attorney licensed to practice law in Colorado who currently lives in San Antonio. The Office of Attorney Regulation, through the current complaint before the Colorado Supreme Court, seeks Maynard's disbarment for the unlicensed practice of law. Plaintiffs allege that their emails—emails regarding "research" into whether the

1

Sandy Hook school shooting of 2012 was a government hoax or conspiracy—were illegally intercepted and are being used in the Colorado disciplinary proceeding in violation of the Federal Wiretap Act. According to Plaintiffs, they were provided a declaration indicating that the emails were obtained as a result of a production in response to a discovery request in the "Infowars" litigation in Austin, Texas.

Plaintiffs' lawsuit names the following Defendants: William Lucero (the Colorado Supreme Court Justice presiding over the disciplinary proceedings); Jacob Vos (the prosecutor in the disciplinary proceedings); Mark Bankston (Houston attorney involved in the Infowars litigation who authored the declaration regarding the source of the emails); Leonard Pozner (Florida resident and plaintiff in the Infowars litigation who was represented by Bankston and allegedly intercepted the emails and intentionally disclosed them to Bankston for his use against Maynard); and Jacob Zimmerman (the complainant in the attorney disciplinary proceedings and a Wisconsin attorney who represented Pozner in a Wisconsin suit).

Plaintiffs initiated this lawsuit by filing two motions to proceed *in forma pauperis* ("IFP"). The undersigned granted Carlisle's motion but recommended Maynard's motion be denied for failure to demonstrate indigency. Maynard paid the filing fee before the District Court reviewed the report and recommendation, and the Court dismissed her IFP and the report on the motion as moot in light of the payment.

In addition to the two motions to proceed IFP, at the time of filing this suit, Maynard also filed a motion for a temporary restraining order and permission to participate in electronic filing with the Court. The TRO asks the Court to protect Maynard from having to respond to discovery served upon her in the Colorado proceeding that was due on September 30, 2020, and to protect

her from having to sit for her deposition in the proceeding, which was set for October 1, 2020.[1] The undersigned issued a second report and recommendation and order after Maynard paid the filing fee, granting Maynard permission to e-file with the Court and recommending that her motion for a TRO be dismissed as moot in light of the fact that her request for temporary injunctive relief was stale, as the deadline for discovery responses and the date of her scheduled deposition had passed without any update from Maynard as to the status of the proceedings in Colorado. This report and order also ordered Plaintiffs to submit a request for the issuance of summonses within seven days of the Order, on or before October 21, 2020. The report remains pending before the District Court. The instant report and recommendation, which addresses the merits of Maynard's request for a TRO, is intended to supersede the previous recommendation.

Maynard has since filed numerous additional filings, objections to the report and recommendation [#12], affidavits in support of her motion for a TRO [#14, #18], and a proposed order issuing a TRO. By these filings, Maynard informs the Court that she refused to respond to the discovery and refused to sit for her deposition, and Vos has moved for default against her in the disciplinary proceedings, which, if granted, would result in her disbarment. Maynard also informs the Court that she has not provided any notice to any Defendant of the pending TRO because she believes notice will result in punitive action being taken against her by Defendants.

Maynard timely submitted requests for summonses to the Court, but they were deficient for failure to include addresses for any named Defendant. After being issued a deficiency notice with respect to the summonses, corrected summonses were issued as to all five Defendants on October 23, 2020.

---

[1] Although Maynard's lawsuit was filed on September 29, 2020, the undersigned was not referred the case until late in the day on October 1, 2020, and did not reach the pending IFP motions until October 2, 2020. Maynard paid the filing fee on October 8, 2020, a week after her responses were due and her deposition was scheduled.

Maynard has filed a second lawsuit, styled as 5:20-CV-1180-OLG, which was also accompanied by an IFP motion and a motion for injunctive relief. By that lawsuit, Maynard seeks a preliminary injunction enjoining the Colorado disciplinary proceedings in light of the alleged illegal interception of her emails. Maynard has filed motions to consolidate the two cases in both cases. In the second lawsuit, the magistrate judge issued a report and recommendation that the District Court deny Maynard's IFP motion. Maynard has not yet paid the filing fee in that case, and the report remains pending before the District Court.

In light of Maynard's renewed requests for temporary relief based on the motion for default that has been filed against her in the Colorado case, the undersigned will issue this additional report and recommendation addressing Maynard's request for a TRO on its merits.

## II.  Analysis

A temporary restraining order is an extraordinary remedy that should not be granted unless the movant clearly proves the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened injury to the movant outweighs any harm to the nonmovant that may result from the injunction; and (4) the injunction will not undermine the public interest. *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). Rule 65 of the Federal Rules of Civil Procedure requires that a party seeking a temporary restraining order "clearly show" that she will suffer "immediate and irreparable injury" without injunctive relief. Maynard has failed to do so, and her motion for a TRO should be denied.

Maynard has not demonstrated a substantial likelihood of success on the merits or that the threatened harm is irreparable. Maynard asks this Court to enjoin an ongoing attorney

disciplinary proceeding currently pending before the Colorado Supreme Court. This Court is likely required to abstain from deciding Maynard's challenge to the Colorado proceeding under the doctrine of *Younger* abstention in deference to the Colorado Supreme Court. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). The Supreme Court has held that attorney disciplinary proceedings are considered ongoing state judicial proceedings to which *Younger* abstention applies. *Middlesex County Ethics C'mmte v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). There are three circumstances required for the abstention doctrine to apply: (1) the dispute should involve an "ongoing state judicial proceeding"; (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an "adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* The Fifth Circuit has repeatedly applied *Younger* abstention to attorney disciplinary proceedings in light of the Supreme Court's holding that such proceedings involve sufficiently important state interests to warrant deference under *Younger*. *See Riley v. La. State Bar Ass'n*, 402 Fed. App'x 856, 858 (5th Cir. 2010); *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189–90 (5th Cir. 1996). In these cases, the Fifth Circuit emphasized that there were other avenues for raising challenges to the disciplinary proceedings, both during the proceedings and through an appeal of any final decision of the state Supreme Court to the United States Supreme Court. *See Riley*, 402 Fed. App'x at 858; *Wightman*, 84 F.3d at 189–90.

Although Plaintiffs' claims arise under the Federal Wiretap Act and *Younger* abstention concerns the ability to raise constitutional challenges to state proceedings, Maynard's complaints about the use of illegally intercepted emails in her disciplinary proceeding implicate due process concerns that are constitutional in nature. The Colorado Supreme Court provides an adequate forum for such constitutional challenges. *See Colorado Supreme Court Grievance Comm. v.*

*Dist. Court, City & Cty. of Denver, Colo.*, 850 P.2d 150, 153–54 (Colo. 1993) (*en banc*) (holding that constitutional challenges to attorney disciplinary rules "fall within the inherent power and exclusive jurisdiction of the Colorado Supreme Court to regulate, govern, and supervise the practice of law."); *People v. Varallo*, 913 P.2d 1, 3–7 (Colo. 1996) (*en banc*) (considering due process and equal protection challenges to the disciplinary proceeding). Additionally, the Colorado Rules of Civil Procedure provide a mechanism for appellate review of the disciplinary hearing board's final decision regarding public censure, suspension, or disbarment. Colo. R. Civ. P. 251.27.

The undersigned acknowledges that there are circumstances in which *Younger* abstention is not appropriate, such as where there is evidence that the state court proceeding was brought in bad faith or with the intent to harass the plaintiff. *See Younger*, 401 U.S at 49; *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir. 1984). Yet even if Maynard could demonstrate that abstention is not proper due to such a showing, she has still failed to demonstrate that she will suffer truly irreparable harm if she is not issued the extraordinary remedy of the TRO she requests. Maynard has indicated that her motion to dismiss and motion for protective order filed in the Colorado disciplinary proceedings have been denied. Maynard has, however, failed to demonstrate why the appellate process available to her in the event of her disbarment or an otherwise unfavorable judgment in the state disciplinary proceedings is insufficient to address her complaints. The Colorado Supreme Court has an important state interest in regulating its licensed attorneys and has provided a mechanism for appellate review. Maynard has failed to demonstrate that she will be irreparably harmed, without any further recourse, if she is ultimately disbarred.

Additionally, Plaintiffs' Complaint alleges causes of action for statutory and punitive damages under the Federal Wiretap Act against all five Defendants. There are immunity issues that are fatal to at least some of Maynard's claims, such as the claims against Justice Lucero, as judicial immunity is not overcome by allegations of bad faith or malice. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Because Maynard has not demonstrated either a likelihood of success on the merits or impending irreparable harm, her motion for a TRO should be denied. Plaintiffs are directed to serve all five Defendants with the summonses issued by the Court. Any requests for preliminary injunctive relief will only be considered after notice and service of this lawsuit on Defendants. Plaintiffs' motion to consolidate this case with 5:20-CV-1180-OLG remains pending in light of the recommendation that Maynard's motion to proceed IFP in that case be denied.

### III.  Conclusion and Recommendation

Having considered Plaintiff's motion, Maynard's additional filings, and the governing law, the undersigned **recommends** that Plaintiff's Motion for Temporary Restraining Order [#6] be **DENIED**.  This recommendation supersedes the undersigned's previous report and recommendation dated October 14, 2020 [#11].

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file

the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of October, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE